IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gloria A. Green, | ) | C/A No.: 0:09-01791-JFA-PJG |
|       Plaintiff, | ) | |
| vs. | ) | ORDER |
| York County Library, | ) | |
|       Defendants. | ) | |

The plaintiff, Gloria A. Green, filed this discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"). The defendant, York County Library (the "Library"), has filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

This matter is before the court for review of the Magistrate Judge's Report and Recommendation (the "Report"). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation. The Report recommends granting the defendant's motion for summary judgment.

The plaintiff was advised of her right to submit objections to the Report, which was filed on May 6, 2011. The plaintiff filed timely objections on May 23, 2011.

FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge has provided the court with a thorough rendition of the facts in her Report, and this court accepts the facts as stated in the Report. The plaintiff, an African American female, was employed by the Library as a reference librarian from 1980 until her

1

retirement in 2007. She now brings claims against her former employer for race discrimination, hostile work environment based upon her race, and retaliation for engaging in protected activity under Title VII.

David Lyon hired Green in 1980 in his capacity as Director of the Library. Lyon remained director until his retirement in 2007, when he was succeeded by Colleen Carney. Also, in 2007 Green's supervisor, Elizabeth Ellis, was replaced by Deb Salmond.

The claims in this case deal primarily with what Green has described as "Lyon's racist agenda." She further contends that this "racist agenda" was continued by Carney and Salmond after Lyon's retirement. The Magistrate Judge summarized the actions, beginning in the 1980s, which the plaintiff claims evidence this "racist agenda" as follows: (1)In Green's presence, Lyon allegedly used a racial epithet to refer to the boyfriend of Library employee Shasta Brewer; (2) Lyon allegedly stated that he did not want Green and another black librarian working on the same nights because the public might assume that they "were doing NAACP business" instead of their jobs; (3) Green attributes a statement to Brewer, who denies it, that Lyon admitted to Brewer that Lyon had a problem with African Americans because "that was the environment he was raised in" but that he was trying to change; (4) Lyon hired a white employee, Page Hendrix, as Circulation Manager instead of advertising the position, an action about which Green complained; and (5) Green served on a grievance committee and was the only member in favor of an African American employee regarding a promotion that Lyon had given instead to a white woman.

Green also complains of an occasion in 1995 when Lyon allowed a Caucasian probationary employee to file a grievance against Green even though probationary employees are not given grievance rights.

In addition to the direct claims against Lyon, Green complains about a woman, Jan Jerauld, who was a member of Lyon's management team. In the early 2000s, Green claims that Jerauld falsely accused her of stealing coffee, but then refused to take action when Green complained about other employees stealing her food.

In 2005, Green, along with Library employees Ellis and Linda Fidelle, believed that Adult Services Manager Gloria Zinky was planning on firing all three so that Green could not file a claim of racial discrimination. Ellis and Fidelle are both white. Green told Lyon about this, and he told her that he would get rid of Zinky. Shortly thereafter, Zinky's probationary employment ended, and she did not return to work at the Library.

After Carney and Salmond began working at the Library in their administrative roles, they noticed performance problems in the Reference Services Department. Among the employees with the problems were Green, Fidelle, and Page Hendrix. Subsequently, in 2007, Fidelle was terminated for these performance issues. During this time, Green was given additional duties. Green also complains that Salmond yelled at her and that her supervisors tried to force her to take leave in accordance with the Family Medical Leave Act. However, she was allowed to use her accrued sick leave and vacation time. Green was also reprimanded for making a personal call when a patron complained of a disturbance due to the call.

During the summer of 2007, Green decided to take the remainder of her accrued leave and then retired from the Library on November 4, 2007. She filed an administrative charge with the Equal Employment Opportunity Commission on November 29, 2007.

## LEGAL STANDARDS

*Magistrate Judge's Report and Recommendation*

The Magistrate Judge made her review pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC. The Magistrate Judge makes only a recommendation to the court. This recommendation has no presumptive weight, and it is the responsibility of the District Court to make the final determination. Matthews v. Webber, 423 U.S. 261, 270-71 (1976). Parties may file written objections to the Report. 28 U.S.C. 636(b)(1). When an objection is made, the court will review that objection de novo. Id. Anything that the parties fail to object to is reviewed by the court for "clear error." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

*Summary Judgment*

Before granting summary judgment, the court must find that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A party asserting that a fact is not in dispute must cite to materials in the record. Fed. R. Civ. P. 56(c). Additionally, when considering a motion for summary judgment the court will draw "all justifiable inferences" in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient

to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is an "integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

DISCUSSION

The plaintiff filed several objections to the Report. These objections relate to the scope of the claims, the racial discrimination claim, and the hostile work environment claim.

*Temporal Scope of the Plaintiff's Claims*

The plaintiff has objected to the scope of the claims considered by the Magistrate Judge. She claims that the Magistrate Judge should have considered the discrete acts of discrimination that occurred outside of the statutory time to file. A person may use prior discrete acts that are time barred as evidence to support a timely filed claim. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). A hostile work environment claim is unique because a hostile work environment is the culmination of many component acts over a period of time. Id. at 115. Acts that occur outside the filing period may be considered as long as there is one component act of the hostile work environment that occurred within the filing period. Id. at 116-117.

In the present case, the Magistrate Judge was correct in not considering acts that occurred outside the filing period for the race discrimination and retaliation claims because these claims are based on discrete events. The issue here is that there is no timely filed claim of discrimination that will allow the other alleged acts to be considered. The Magistrate

Judge was also correct in not considering the prior discrete events when determining if there was a hostile work environment because there is no evidence that the events claimed within the filing period were components of the hostile work environment. Without a component event occurring within the statutory period, previous events should not be considered. National, 536 U.S. at 116-117.  The only evidence of possible discrimination were Lyon's actions. Additionally, the Magistrate Judge considered the "totality of the circumstances," and there was no evidence that the acts that occurred within the filing period were based on race.  Further, the Magistrate Judge went on to explain that none of the alleged acts were "sufficiently severe and pervasive" to have created a hostile work environment. The court finds that the Magistrate Judge correctly analyzed the scope of the plaintiff's claims.

*Race Discrimination - Disparate Treatment*

The plaintiff put forth three objections to the magistrate's analysis of the race discrimination claim. First, she believes that the assignment of additional duties constitutes an adverse employment action. The plaintiff relies on Ledbetter v. Alltel Corp. Servs., 437 F.3d 717 (8th Cir. 2002), to try and show that the assignment of additional duties without an increase in pay warrants a finding of an adverse employment action. Ledbetter is different from the case at bar because in that case the employee was moved to an entirely different role as a manager. Id. at 724. In contrast, Green was only given some of the duties of another employee after that employee was terminated. There is no evidence in the record to indicate that Green had to work harder to get her work done in the time she was at work, as suggested by Green's objection to the Report.

Further, if a person is reassigned to a new position, an adverse employment action is not established as long as the new position is "commensurate with one's salary level." James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 376 (4th Cir. 2004). Reassignment can form the basis of a Title VII claim only if there is "some significant detrimental effect." Boone v. Goldin, 178 F.3d 253, 256 (4th Cir. 1999). James more closely parallels the present case. While Green was not reassigned, she was only given additional duties that fell within the scope of her position at the Library. It has not been shown that this increase in responsibility without a decrease in hours caused a "significant detrimental effect." Therefore, the assignment of additional duties to Green in this case did not result in an adverse employment action.

Secondly, the plaintiff objects to the finding that the written reprimands were not an adverse employment action. If a plaintiff proves a prima facie case of discrimination, then the burden shifts to the defendant to show a nondiscriminatory reason for the action. Texas Dept. Of Community Affairs v. Burdine, 450 U.S. 248, 248 (1981) (explaining the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), burden-shifting framework). If a nondiscriminatory reason is provided, then the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the reason given by the defendant is simply "pretext for discrimination." Id.

The Magistrate Judge found that Green failed to prove that the disciplinary reason given for the written reprimands was pretext for discrimination. Green objects to this finding by claiming that the reprimands and the additional work should be looked at along with all

the other circumstances. However, there is no evidence, other than Green's bare assertion of continued racism, to show that the actions taken by Salmond and Carney were based on Green's race. Green has not proven by a preponderance of the evidence that the reasons for the reprimands and the additional work were merely a pretext for discrimination. Therefore, these acts cannot be defined as discriminatory and do not support Green's claim of racial discrimination under the McDonnell Douglas burden-shifting framework.

Finally, Green claims the Magistrate Judge erred in finding that she was not constructively discharged. She claims that the termination of Fidelle does not prove a nondiscriminatory reason because Fidelle was one of the white employees that allegedly was going to be terminated so that Green could not sue for discrimination. However, Green fails to mention that this alleged plan to fire her along with, Fidelle, and Hendrix occurred in 2005 before Salmond and Carney were hired into management in 2007. Therefore, even if there had been discriminatory intent in 2005, there is nothing to prove that this intent was present in 2007 because different actors were in positions of authority and had no knowledge of the alleged scheme to fire Green.

Green also claims that she was threatened with forced medical leave. As the Magistrate Judge concluded, this claim is unfounded and not relevant because Green never took medical leave and was allowed to use her accrued vacation. Green alleges in her objections that she was going to be forced to take medical leave, at which time she would receive a negative evaluation and would be terminated for such an evaluation. This claim has no support other than her personal beliefs.

The court adopts the magistrate's analysis of the racial discrimination claim, and finds that there was no disparate treatment based on Green's race.

*Hostile Work Environment*

The Magistrate Judge found that the evidence offered by Green does not show a hostile work environment. As described in the magistrate's Report, the totality of the circumstances should be considered. However, in order to use past discrete events to define a hostile work environment, one must show that a constituent event occurred within the statutory period. National R.R. Passenger Corp. v. Morgan, 536 U.S. at 116-117.

As the Magistrate Judge pointed out, there is insufficient evidence of discrimination during the statutory period. Further, the Library has presented evidence that shows that Salmond and Carney were unaware of Lyon's personnel views. Green simply accuses them of continuing the "racist agenda" of Lyon. This bare assertion is inadequate. This court agrees with the Magistrate Judge and finds that the plaintiff has failed to show that she was subjected to a hostile work environment.

CONCLUSION

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference. Accordingly, the defendant's motion for summary judgment is granted.

IT IS SO ORDERED.

September 13, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge